DAVID EPSTEIN V. ERASTUS PECK, CIR-
CUIT JUDGE OF JACKSON COUNTY.

CAPIAS—RETURN DAY—ERROR IN STATING.

Relator sought to compel the respond-
ent by *mandamus* to quash a writ of
*capias ad respondendum* on the ground
that the return day was more than three
months after the *teste* day; that the first
day of the next term of court fell within
said three months, which date should
have been the return day under 3 How.
Stat. § 7295, which provides that writs of
*capias ad respondendum* shall be made
returnable on the first Tuesday of any
month, and also on any day in term, sub-
ject to the proviso that said writs shall
not be made returnable beyond three
months from their date, unless more than
that time intervenes before the next
term of court, in which case they shall
be made returnable on or before the first
day of the next term.

*John G. Hawley, for relator.*

*Bowen, Douglas & Whiting,* for res-
pondent.

The respondent returned that the
*capias* was issued March 16, 1896, and,
as stated therein was made returnable
on the seventh day of July, 1896, that
being the first day of the succeeding
term of court; that the first day of the
next term of court was April 7, 1896, and
that in respondents opinion the writ was
intended to be made returnable on that
day.

A writ of *mandamus* was denied under
*Wonderly v. Circuit Judge,* 41 Mich. 722,
where a *capias* was made returnable "on
the seventh day of October, 1879, that
being the first day of the next succeed-
ing term," when, in fact, the first day of
said term was Oct. 6, 1879. And in deny-
ing the application of the defendant for
a *mandamus* to set aside the writ it
was held that the *capias* showed plainly
on its face that it was intended to be
returnable on the first day of term,
which was the only day on which it
could be made returnable. (This was
before the 1885 amendment of the stat-
ute); that, having such a recital in it the
writ furnished the means of its own cor-
rection, and the erroneous mention of a
wrong day of the month would not viti-
ate it; that one or the other day being
incorrect it must be held that the inten-
tion was to make the writ returnable on
the day which would be legal.